# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Lomack,<br><br>Petitioner,<br>vs.<br><br>L.E. Scribner, Warden,<br><br>Respondent. | CASE NO. 07cv000017-L (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## FEDERAL PROCEEDINGS

KEVIN LOMACK (hereinafter "Petitioner"), a California prisoner proceeding *pro se*, filed a federal Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on January 3, 2007. Based on Petitioner's contention that his federal constitutional rights were violated, a Report and Recommendation was submitted to United States District Judge Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California on May 30, 2007.[1] The Report and Recommendation was **adopted in part**[2] on February 21,

---

[1] The Report and Recommendation, *Lomack v. Scribner*, Report and Recommendation of United States Magistrate Judge Re Petition for Writ of Habeas Corpus (May 30, 2007); Doc. No. 15. (hereinafter "**R&R Orig**."), contains a detailed summary of the facts and state proceedings. Both parties are familiar with the facts and the state procedural history; therefore, there is no need for restatement.

[2] *Lomack v. Scribner*, Order (1) Adopting Report and Recommendation in Part; (2) Denying Petition with Respect to Claims One Through Three; and (3) Remanding Petition with Respect to Claim Four (February, 2 2008); Doc. No. 18 (hereinafter "**Adopted R&R**").

2008 by the District Court, which denied as recommended three of the four claims made by the Petitioner and remanded the fourth claim to Magistrate Judge McCurine for a further Report and Recommendation on the issues of exhaustion[3] and the fourth claim in light of the recent California Supreme Court decision in *People v. Black*, 41 Cal. 4th 799 (2007), cert. den. 128 S.Ct. 1063 (Jan. 14, 2008) (*"Black II"*).  Adopted R&R at 13; Doc. No. 18.

In his fourth claim, Petitioner originally argued the trial judge wrongfully imposed upper term sentences to run consecutively based on facts found by the judge by a preponderance of the evidence rather than beyond a reasonable doubt, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (Pet'r at 14-15.)  Similarly, in Petitioner's Supplemental Brief: Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus ("Pet'r Suppl. Br."); Doc. No. 20., he argues the judge's imposition of the upper term sentence based on a prior conviction is contrary to *Blakely* and *Cunningham v. California,* 127 S.Ct. 856 (2007), and further, the court's improper finding of additional aggravating factors contributed to the imposition of consecutive sentences.  (Pet'r Suppl. Br. at 8-11.); Doc. No. 20.

Respondent filed a Brief in Opposition to Petitioner's Supplemental Brief ("Resp't Opp. Br."); Doc. No. 21.  Respondent contends that any error resulting from the judge's use of additional aggravating factors to justify an upper term sentence is harmless because his reliance on prior convictions as an aggravating factor is upheld by the *Almendarez-Torres* exception.  (Resp't Opp. Br. at 3-4.); Doc. No. 21.

After reviewing Petitioner's Supplemental Brief, Respondent's Supplemental Opposition Brief, and all the supporting documents submitted by the parties, the Court recommends the Petition be **DENIED** for the reasons stated below.

---

[3] In light of the recent Ninth Circuit case in *Butler v. Curry,* 538 F.3d 624 (9th Cir. 2008) and the California Supreme Court case in *Black II*, the issues raised in the fourth claim are deemed to be exhausted.  *Black II* answers how California courts would adjudicate Petitioner's sentencing claim by holding that the "imposition of the upper term does not infringe upon the defendant's constitutional right to a jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." *Black II*, 41 Cal. 4th at 816.  Similarly, *Butler* finds "if at least one aggravating factor on which the judge relied in sentencing Butler was established in a manner consistent with the Sixth Amendment, Butler's sentence does not violate the Constitution." *Butler*, 528 F.3d at 643.  Finding that *Cunningham* **did not** announce a new rule of constitutional law and could be applied retroactively, therefore, return to state court for purposes of exhaustion is unnecessary.  *Id*. at 639.

## II.
## PETITIONER'S CLAIM

Petitioner claims he was denied his Sixth Amendment right to a jury trial within the meaning of *Blakely* when the trial judge imposed an upper term sentence as to all twelve counts and ordered eight of the sentences to run consecutively based on findings made by the judge under a preponderance of the evidence standard**.**

## III.
## STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The Petition was filed after enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2254, subsection (d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When determining what constitutes "clearly established federal law" under section 2254(d)(1), federal courts look to United States Supreme Court holdings at the time of the state court's decision. *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003).  A state court's decision is "contrary to" clearly established United States Supreme Court precedent if (1) the state court applies a rule different from the governing law set forth in Supreme Court cases, or (2) the state court confronts a set of facts that are materially indistinguishable from a Supreme Court case, but still reaches a different result. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06, 412 (2000); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003); *Clark v. Murphy,* 331 F. 3d 1062, 1067 (9th Cir. 2003). A state court decision does not have to cite to or even demonstrate an awareness of clearly established Supreme Court precedent, so long as neither the reasoning nor the result of the state court decision contradicts such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision may involve an "unreasonable application" of Supreme Court precedent, "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08. Alternatively, an unreasonable application may be found, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Clark*, 331 F.3d at 1067. An unreasonable application of federal law requires the state court decision to be more than incorrect or erroneous. *Lockyer*, 538 U.S. at 75-76. Instead, the state court's application must be "objectively unreasonable." *Id.* at 76. Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state-court decision. *Ylst v. Nunnermaker*, 501 U.S. 797, 801-06 (1991); *Van Lynn v. Farmon*, 347 F.3d 735 (9th Cir. 2003). However, if the dispositive state court order does not "furnish a basis for its reasoning," the federal court considering the habeas petition must conduct an independent review of the record to determine whether the state court unreasonably applied controlling federal law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

*//*
*//*
*//*
*//*
*//*
*//*
*//*

# IV.
# DISCUSSION

**A. One Legally Valid Aggravating Factor is Sufficient to Justify the Imposition of Upper Term Sentences Under the *Almendarez-Torres* Exception**

In Claim four, Petitioner argues that his Sixth Amendment right to a jury trial, within the meaning of *Blakely*, was violated when the judge imposed upper term sentences as to all twelve counts, ordering eight of the twelve to run consecutively, based on a prior conviction finding made by the judge under a preponderance of the evidence standard.[4] (*See generally* Pet'r Suppl. Br..); Doc. No. 20. Petitioner contends this sentence is an unreasonable application of the holdings in *Blakely* and *Cunningham*[5] and, absent the improper findings of the court, the "sentencing court would not have imposed consecutive sentences." (Pet'r Suppl. Br. at 8.); Doc. No. 20.

In contrast, Respondent argues the judge's reliance on Petitioner's prior convictions was "sufficient to render Petitioner eligible for upper-term sentencing" under the *Almendarez-Torres* exception,[6] which the Ninth Circuit in *Butler* has found to be precedent that has not been overruled. (Resp't Opp. Br. at 3-4.); Doc. No. 21. Respondent concludes that any additional factors used by the judge to warrant the upper term sentence was harmless error because it would not have had a "substantial and injurious effect" on Petitioner's sentence. (Resp't Opp. Br. at 4.); Doc. No. 21 (*citing See Butler v. Curry*, 528 F.3d at 648 (applying *Brecht* harmless error analysis to *Cunningham* claims); accord *Washington v. Recuenoco*, 126 S. Ct. 2546, 25553).) Interestingly, Respondent failed to address Petitioner's claim regarding the improper imposition of consecutive sentences. (*See generally* Resp't Opp. Br..); Doc. No. 21.

Under the Sixth Amendment, findings of fact are the domain of the jury and must be proven beyond a reasonable doubt. *Cunningham,* 127 S.Ct. at 868; *see Blakely v. Washington*, 542 U.S. at, 301

---

[4] The Court in *Blakely* defined the term "statutory maximum" as used in *Apprendi* to mean "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington,* 542 U.S. 296, 303 (2004).

[5] In *Cunningham*, since the California Determinate Sentencing Law (DSL) gave authority to judges to find aggravating facts which could elevate term sentences, "the system [could not] withstand measurement against . . . Sixth Amendment precedent." *Cunningham,* 127 S.Ct at 871.

[6] This exception has been followed by *Apprendi* and its progeny in Sixth Amendment sentencing cases and may also be referred to as the *Apprendi* exception.

(citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  The **only fact** a judge, rather than a jury, can take into consideration in elevating the term sentence is a prior conviction.  *Cunningham,* 127 S.Ct. at 868.  *Cunningham* held that California's Determinate Sentencing Law (DSL) violated *Apprendi's* bright-line rule that: "**Except for a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id*. (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (emphasis added).  This exception has its foundation in the United States Supreme Court case of *Almendarez-Torres*.

### 1. *Almanderez-Torres* Exception

In *Almanderez-Torres*, the court was confronted with Almendarez-Torres' constitutional claim challenging the ability to consider his recidivism as an element of his offense. *Almendarez-Torres,* 523 U.S. 224, 247 (1998).  First, the Supreme Court discussed the long standing tradition of using recidivism as a sentencing factor and cited the Department of Justice's 50-state survey which showed every State currently upholding this tradition in effect.  *Id.* at 243.  Second, responding to Almendarez-Torres' argument to "adopt a rule that any significant increase in the statutory maximum sentence [should] trigger a constitutional "elements" requirement," the Supreme Court stated that this provision would be "anomalous" with existing case law that "permits a judge, rather than a jury, to determine the existence of factors that can make a defendant eligible for the death penalty."  *Id*. at 247 (citing *See Walton v. Arizona*, 497 U.S. 639, 647 (1990) (rejecting capital defendant's argument that every finding of fact underlying death sentence must be made by a jury); *Hildwin v. Florida*, 490 U.S. 638, 640-41 (1989) (*per curiam*) (judge may impose death penalty based on his finding of aggravating factor because such factor is not element of offense to be determined by jury); *Spaziano v. Florida*, 468 U.S. 447, 465 (1984) (same).).

Consequently, courts have recognized recidivism as an aggravating factor that can be used by a judge to make the defendant eligible for greater punishment, even in the most extreme case where a sentence is  elevated to death.  Although the validity of the *Almenderez-Torres* exception has been questioned, the Ninth Circuit in *Butler* noted: "The Supreme Court has not overruled the *Almendarez-Torres* exception for prior convictions . . . [and] we have repeatedly recognized our obligation to apply the *Almenderez-Torres* exception, unless and until it is rejected by the Supreme Court."  *Butler,* 528

F.3d at 643-44. The Ninth Circuit in *Butler* established three prerequisites necessary to apply the *Almendarez-Torres* exception:

> First, [t]he fact of a prior conviction is the only fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court. Second, the narrow prior conviction exception applies only to facts directly reflected in the documents conviction, not to secondary facts that are derived or inferred from a prior conviction or from the conviction documents. Third, as the prior conviction exception is justified by the reliability of court documents created as part of a process with Sixth Amendment safeguards, it does not extend to facts that may be proven only by reference to documents that were not developed as a result of such a process.

*Butler*, 528 F.3d at 645 (internal quotations and citations omitted).

During sentencing in the instant case, the trial judge found aggravating factors based on Petitioner's prior prison term and prior convictions,[7] which were numerous, and of increasing seriousness. R&R Orig. at 34-35; Doc. No. 15 (citing (Lodgment No. 2, Reporter's Tr. at 603.)). These factors were found by the judge under a preponderance of the evidence standard. R&R Orig. at 34; Doc. No. 15. Under *Almenderez-Torres,* the determination of a prior conviction by the trial judge "need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt" and may be found by a preponderance of the evidence standard.[8] *Butler,* 528 F.3d at 641 (citing *Almenderez-Torres*, 523 U.S. at 244, 247); *Black II,* 41 Cal. 4th at 820 n.9 (citing *See, e.g., United States v. Salazar*, 458 F.3d 851, 859 (9th Cir. 2006); *United States v. Barrero*, 425 F.3d 154, 157 (2d Cir. 2005) ("[I]t is well established that a court may find the fact of a prior conviction by a preponderance of the evidence")). Had the trial judge imposed an upper term sentence based **solely** on the above mentioned considerations, the Sixth Amendment would not be implicated based on the *Almenderez-Torres/ Apprendi*[9] exception.

---

[7] [A] defendant's service of a prior prison term is not related in any way to the commission of the charged offense. In this respect, a prior prison term is indistinguishable from a prior conviction." *People v. Towne*, 44 Cal. 4th 63, 80 (2008). Petitioner in the instant case had three prior convictions. R&R Orig. at 34; Doc. No. 15. ("all of which were proven true beyond a reasonable doubt").

[8] To avoid Sixth Amendment difficulty, *Shepard v. United States*, 544 U.S. 13 (2005) found an individual's "prior judicial record" of the conviction should be the main consideration during judicial sentencing. *Butler,* 528 F.3d at 644.

[9] The exception in *Apprendi* is still binding precedent although it may be revisited. *See Rangel-Reyes v. United States*, 547 U.S. 1201 (2006) (Opinion of Thomas, J., dissenting from denial of certiorari) (recognizing that a majority of the Justices now reject the exception announced in *Apprendi*).

However, the trial judge also considered the viciousness of the attacks, the great threat of bodily harm, and the danger to society. R&R Orig. at 23; Doc. No. 15. (citing (Lodgment No. 5, *People v. Lomack*, No. D0045450, slip op. at 24-25.)). Respondent argues that, even though the trial judge considered additional aggravating factors beyond Defendant's prior conviction, reliance on a prior conviction standing alone is sufficient to justify elevating the sentence. (Resp't Opp. Br. at 4.); Doc. No. 21. The Court is persuaded by Respondent's argument which is supported by the Ninth Circuit in *Butler and* California Supreme Court in *Black II*. *Black II* specifically states:

> that as long as a single aggravating circumstance that renders a defendant eligible for the upper term sentence has been established in accordance with the requirements of *Apprendi* and its progeny, **any additional fact finding** engaged in by the trial court in selecting the appropriate sentence among the three available options **does not violate the defendant's right to a jury trial**.

*Black II*, 41 Cal. 4th at 812 (court agrees with the Attorney General's contention) (emphasis added); *see also Butler,* 528 F.3d at 643. Moreover, if the elevated sentence is justified by facts consistent with the Sixth Amendment, "the federal Constitution permits the trial judge to rely on any number of aggravating circumstances in . . . balancing aggravating and mitigating circumstances, regardless of whether the facts . . . have been found to be true by a jury." *Black II*, 41 Cal. 4th at 813. Under *Butler* and *Black II* judicial fact finding for additional aggravated circumstances in the instant case does not implicate Sixth Amendment rights. *Id.* at 815 (citing *Lopez v. People*, 113 P.3d 713, 731 (Colo. 2005), *cert den. sub nom. Lopez v. Colorado*, 546 U.S. 1017 (2005)) (a single constitutionally complying aggravating circumstance is sufficient to support an aggravated sentence even if the sentencing judge considered other circumstances). Accordingly, Petitioner's contention that the only aggravating factor the trial judge could rely on when balancing mitigating and aggravating factors was Petitioner's prior convictions must fail. (Pet'r Suppl. Br. at 10.); Doc. No. 20.

The state court denied Petitioner's claim based on the fact that reliance on prior convictions found true beyond a reasonable doubt to impose an upper term renders reliance on other improper factors irrelevant. This finding **is not** contrary to established United States Supreme Court precedent. The *Almenderez-Torres*/ *Apprendi* prior conviction exception constitutes clearly established Supreme Court precedent as supported by the U.S. Supreme Court decision in *Cunningham*, the California Supreme Court decision in *Black II,* and the Ninth Circuit decision in *Butler. Cunningham*, 127 S.Ct. at

868 (2007); *Butler*, 528 F.3d at 643; *Black II*, 41 Cal. 4th at 812. Though the trial judge impermissibly relied on additional aggravating factors (excluding prior convictions), the Court finds any error by the sentencing judge is harmless error under *Butler* as explained below.

**2. Harmless Error**

The U.S. Supreme Court has noted *Blakely* errors[10] are subject to a harmless error standard. *Washington v. Recuenco*, 126 S.Ct. 2536, 2553 (2006). In effect, this Court must determine whether the sentencing judge would have imposed the same sentence, excluding reliance on the impermissible aggravating factors. *United States v. Beng-Salazar*, 452 U.S. 1088, 1096 (9th Cir. 2006); *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). Respondent contends Petitioner lacks a colorable claim because he cannot show whether any alleged error "had a substantial and injurious effect on his sentence." (Resp't Opp. Br. at 4.); Doc. No. 21  (citing *See Butler v. Curry*, 528 F.3d at 648 (applying *Brecht* harmless error analysis to *Cunningham* claims); *accord Washington v. Recuneco*, 126 S. Ct.2546 (2006).) Petitioner argues, absent improper additional aggravating factors, a prior conviction does not outweigh the mitigating factors necessary to justify an upper term sentence. (Pet'r Suppl. Br. at 10.); Doc. No. 20. Under *Padilla*, in order to determine if Petitioner is entitled to federal habeas relief, this Court must decide whether the record "leaves the conscientious judge in grave doubt[11] about the likely effect of [the] error." *Padilla*, 309 F.3d 614, 621-22 (9th Cir. 2002).

The California Supreme Court in *Black II* established the prevailing interpretation of California state law: one valid aggravating factor is enough to justify an imposition of an upper term sentence. Further support for this interpretation is found in *Butler*, where the Ninth Circuit asserted Federal courts are "bound to accept a state court's interpretation of state law, except when the "interpretation is clearly untenable." *Butler,* 528 F.3d at 642. The court went on to state that *Black II's* position is consistent

---

[10] The courts use the terms *Blakely, Booker,* and *Apprendi* errors interchangeably, and therefore, will be considered identical for purposes of this Report and Recommendation.

[11] "Grave doubt exists when, in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Butler*, 528 F.3d at 648 (internal quotations omitted).

with earlier cases[12] which found "only one aggravating factor necessary to set the upper term as the statutory maximum." *Id.*

In the instant case, only two of the five aggravating factors relied upon by the trial judge were valid because they involved Petitioner's prior convictions. R&R Orig. at 34-35; Doc. No. 15. These factors included the prior convictions themselves and the prison terms resulting from those convictions.[13] R&R Orig. at 34; Doc. No. 15. The other three factors were:

> (1) "The crime in each of these matters involved great threat of bodily harm or other acts, disclosing a high degree of viciousness or callousness"; (2) that "each of these counts could be enhanced individually . . . and . . . defendant was convicted of other crimes from which consecutive sentences could have been imposed but for which concurrent sentences are being imposed"; and (3) that Petitioner "has engaged in violent conduct which indicates a serious danger to society."

R&R Orig. at 35; Doc. No. 15 (citing (Lodgment No. 2, Reporter's Tr. at 603.)). The harmlessness inquiry looks to see whether a trial court "could have" legally imposed an upper term sentence without the benefit of additional aggravating factors. *Butler*, 528 F.3d at 648. *Butler* notes, any "*Apprendi* error therefore will be harmless if it is not prejudicial as to just one of the aggravating factors at issue." *Id.* Essentially, what the "judge might not have done . . . in the absence of an additional factor does not implicate the Sixth Amendment." *Id.* at 649. Hence, because the trial could have legally imposed an upper term sentence because of the trial judge's reliance on prior convictions as an aggravating factor, the trial court's decision neither had a "substantial and injurious effect" on Petitioner's sentence nor does it leave "grave doubt" as to the effect of the error. *Id.* at 648.

//
//
//
//

---

[12] Under California law, a trial judge's finding of a single valid aggravating factor warrants imposition of an upper term sentence. *People v. Nevill*, 167 Cal. App. 3d. 198, 202 (1985).

[13] "[A] prior prison term is indistinguishable from a prior conviction." *People v. Towne*, 44 Cal. 4th 63, 80 (2008).

**B. The Court Did Not Err in Applying Consecutive Sentences**

The second aspect of claim four addresses the trial judge's ruling that eight of the twelve offenses were to run consecutively. R&R Orig. at 7; Doc. No. 15 (citing Pet. at 14-15.). In deciding on consecutive sentences for eight of the offenses, the trial judge relied on the aggravating factors. Petitioner articulates that absent the improper findings of the court, the "sentencing court would not have imposed consecutive sentences." (Pet'r Suppl. Br. at 8.); Doc. No. 20. Additionally, the Petitioner contends factors in mitigation would outweigh findings in aggravation, specifically: college education, primary caretaker of his parents, no gang affiliation, no physical harm resulted from the robberies, and being a model prisoner. (Pet'r Suppl. Br. at 10.); Doc. No. 20. As stated above, Respondent failed to separately address this claim in his Opposition to the Petitioner's Supplemental Brief. (*See generally* Resp't Opp. Br..); Doc. No. 21.

Although the Supreme Court in *Cunningham* did not address consecutive sentencing under California law[14], in *Black II,* the Supreme Court of California held "that imposition of consecutive terms under section 669 does not implicate a defendant's Sixth Amendment rights." *Black II*, 41 Cal. 4th at 806, 821. In support of its findings, the California Supreme Court cited relevant prior state court[15] decisions, which similarly held the Sixth Amendment was not implicated when consecutive sentencing was imposed.[16] *Id*. at 821-22. "In addition . . . at least six other state supreme courts have also found that the *Apprendi* line of cases does not impact their consecutive sentencing laws." *Ramos v. Yates*, 2008 WL 2875435 (E.D. Cal. 2008) (citing *State v. Kahapea*, 141 P.3d 440, 452 (Haw. 2006); *State v. Cubias*, 155 Wash. 2d 549 (2005); *State v. Higgins*, 149 N.H. 290, 821 (2003); *State v. Bramlett*,

---

[14] R&R Orig. at 22; Doc. No. 15.

[15] *See Smylie v. State*, 823 N.E. 2d 679, 686 (Ind. 2005); *State v. Abdullah*, 184 N.J. 497 (2005); *State v. Tanner*, 210 Or. App. 70 (2006); *Barrow v. State*, 207 S.W. 3d 377, 379 (Tex. Cr. App. 2006); *State v. Cubias*, 155 Wash. 2d 549 (2005).

[16] Recently, the Supreme Court granted writ of certiorari to the Supreme Court of Oregon to answer the following question: "Whether the Sixth Amendment, as construed in *Apprendi,* and *Blakely* requires that facts (other than prior convictions) necessary to imposing consecutive sentences be found by the jury or admitted by the defendant." *Oregon v. Ice*, 128 S.Ct. 1657 (2008) (internal citations omitted).

273 Kan. 67 (2002); *Hall v. State*, 823 So. 2d 757, 764 (Fla. 2002); *People v. Wagener*, 196 Ill. 2d 269 (2001)).

Contrary to Petitioner's contention that the trial court must consider aggravating and mitigating factors to impose consecutive terms, section 669 does not require such findings to justify imposition of consecutive terms. *Black II*, 41 Cal. 4th at 822 (citing *See* § 669; Cal. Rules of Court rule 4.4259(a), (b)). Unlike findings that are required for imposing an upper term, a judge only needs to cite "reasons" or "factors" supporting his decision to impose consecutive sentences. *Id.* (citing Cal. Rules of Court, rule 4.406(a), (b); § 1170, subd. (c); *see People v. Tran*, 47 Cal. App. 4th 759, 774 (1996). Here, the judge considered how the Petitioner's actions accounted for a "high degree of viciousness or callousness" and produced a "great threat of bodily harm" when he imposed upper term and consecutive sentences. R&R Orig. at 35; Doc. No. 15 (citing Lodgment No. 2, Reporter's Tr. at 603.). In *Black II*, the California Supreme Court held:

> so long as a defendant is *eligible* for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely on upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found by a jury.

*Black II*, 41 Cal. 4th at 814 (original italics). Although the court's discussion focuses on the "upper term" and not consecutive sentences, by analogy, the same rationale should apply with even greater force to consecutive sentences. Since the judge's reliance upon Petitioner's prior convictions satisfies Sixth Amendment principles, the judge was free to consider "factors" to impose consecutive sentences.

Since *Apprendi* and its progeny have not determined a judge's authority to impose consecutive sentences and since *Cunningham* did "not call into question the conclusion [*Black I*] previously reached regarding consecutive sentences," the trial court's imposition of consecutive sentences does not implicate the Sixth Amendment. *Black II*, 41 Cal. 4th at 823. Consequently, the Supreme Court has not clearly established whether a defendant is "entitled to a jury trial based on facts proved beyond a reasonable doubt prior to imposition of a consecutive sentence, and the state courts' rejection of this claim can not be considered to be contrary to or an unreasonable application of clearly established Supreme Court law." *Ramos v. Yates*, 2008 WL 2875435, *10 (E.D. Cal. 2008).

## V.
## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation and; (2) directing a judgment **DENYING** Petitioner's Claims.

**IT IS ORDERED** that **no later than September 5, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than September 19, 2008.**  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: August 18, 2008

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

CC:     UNITED STATES DISTRICT JUDGE, M. JAMES LORENZ
        ALL PARTIES AND COUNSEL OF RECORD