UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN LOMACK, | ) | Civil No. 07cv17-L(WMc) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION AND** |
| v. | ) | **DENYING PETITION** |
| | ) | |
| L.E. SCRIBNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Kevin Lomack, a state prisoner proceeding *pro se*, filed a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner claimed his constitutional

rights were violated by a jury instruction regarding eyewitness identification, ineffective

assistance of counsel, trial court's failure to *sua sponte* counter the defense counsel's defective

performance, and sentencing based on fact findings made by the judge rather than the jury. The

case was referred to United States Magistrate Judge William McCurine, Jr. for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

The Magistrate Judge issued an initial Report and Recommendation, recommending the

Petition be denied with respect to the first three claims and the action stayed with respect to

claim four, pending exhaustion of state court remedies. The court adopted the Report and

Recommendation as to the first three claims, which were denied. The fourth claim was

remanded to the Magistrate Judge for further briefing and consideration in light of new legal

authority. (*See* order filed Feb. 21, 2008.) Upon supplemental briefing of the fourth claim, the

1   Magistrate Judge issued a Report and Recommendation recommending the claim be denied.

2   Petitioner objected.  Respondent did not respond.  For the reasons which follow, the Report and

3   Recommendation is **ADOPTED**.  The Petition is **DENIED**.

4         In reviewing a magistrate judge's report and recommendation, the district court "shall

5   make a *de novo* determination of those portions of the report . . . to which objection is made,"

6   and "may accept, reject, or modify, in whole or in part, the findings or recommendations made

7   by the magistrate judge."  28 U.S.C. § 636(b)(1).  Under this statute, "the district judge must

8   review the magistrate judge's findings and recommendations *de novo if objection is made, but*

9   *not otherwise.*"  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*)

10  (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz.

11  2003) (applying *Reyna-Tapia* to habeas review).  Petitioner objects to the recommendation to

12  deny his last remaining claim.  Upon performing the requisite *de novo* review, the court adopts

13  the Report and Recommendation.

14        On September 10, 2004, Petitioner was found guilty after a jury trial of twelve counts of

15  robbery arising from eight separate incidents.  The jury also found Petitioner used a gun during

16  the robberies.  Based on three prior felony convictions and enhancement for the firearm,

17  Petitioner was sentenced to 335 years to life in state prison.  Petitioner argues that the upper term

18  sentences, some of which ran consecutively, were based on facts not found by the jury beyond a

19  reasonable doubt, but on other aggravating factors found by the trial judge by a preponderance of

20  the evidence, and were therefore imposed in violation of his Sixth Amendment rights under

21  *Blakely v. Washington*, 542 U.S. 296 (2004).

22        Based on *Blakely*, *United States v. Booker*, 543 U.S. 220 (2005) and *People v. Black*, 35

23  Cal.4th 1238 (2005) ("*Black I*"), the state court concluded that Petitioner's right to a jury trial

24  was not violated because the choice of an upper term under the California sentencing scheme,

25  which provides the choice of a lower, middle and upper term, did not implicate the Sixth

26  Amendment.  (Lodgment Ex. 5 at 25-28.)  The court also noted that the upper term was imposed

27  based in part on his prior criminal record, a factor which did not require a jury finding under

28  *Blakely*.  (*Id*.)

1    After the state court decision in this case, the defendant in *Black I* filed a petition for a

2 writ of certiorari in the United States Supreme Court.  On January 22, 2007, the United States

3 Supreme Court decided *Cunningham v. California*, 549 U.S. 270 (2007), which held that

4 because the California sentencing scheme authorized the judge, not the jury, to find the facts

5 permitting the imposition of the upper term, the system ran afoul of the Sixth Amendment.  This

6 decision was contrary to the California Supreme Court's decision in *Black I*.  On February 20,

7 2007, the United States Supreme Court granted a writ of certiorari in *Black I*, and remanded the

8 case to the California Supreme Court for reconsideration in light of *Cunningham*.  *Black v.*

9 *California*, 127 S. Ct. 1210 (2007).  This was the state of the law when the Magistrate Judge

10 issued the initial Report and Recommendation in this case.

11    The initial Report and Recommendation found, based on the intervening decision in

12 *Cunningham*, that Petitioner's sentencing claim was rendered unexhausted because *Cunningham*

13 cast Petitioner's claim in a fundamentally different light.  The initial Report and

14 Recommendation recommended staying this action while Petitioner exhausted his remaining

15 claim in state courts.

16    Subsequently, the California Supreme Court reconsidered *Black I* on remand from the

17 United States Supreme Court.  *People v. Black*, 41 Cal. 4th 799 (2007), cert. den. 128 S. Ct.1063

18 (2008) (*Black II*).  *Black II* held that "imposition of the upper term does not infringe upon the

19 defendant's constitutional right to jury trial so long as one legally sufficient aggravating

20 circumstance has been found to exist by the jury, has been admitted by the defendant, or is

21 justified based upon the defendant's record of prior convictions."  *Id*. at 816; *see also id*. at 806,

22 812-16, 816-820.  Because it appeared that the rationale initially relied upon by the Magistrate

23 Judge for finding the claim unexhausted was foreclosed by *Black II*, the fourth claim was

24 remanded for further briefing and consideration of exhaustion and, if appropriate, the merits.

25    Upon consideration of supplemental briefing, the Magistrate Judge found the claim

26 exhausted.  (R&R at 2 n.3, citing *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008)).  Petitioner

27 does not object to this finding.

28 / / / / /

1    The Magistrate Judge next found that the trial judge's reliance on Petitioner's criminal

2    history to impose the upper terms did not violate *Blakely* and that the reliance on other

3    aggravating factors was harmless error.  (R&R at 5-10.)  Petitioner objects to these

4    recommendations.  (Objections at 4-6.)

5    Under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that

6    increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

7    a jury, and proved beyond a reasonable doubt."  *Blakely*, 542 U.S. at 301, quoting *Apprendi v.*

8    *New Jersey*, 530 U.S. 466, 490 (2000).  A fact of a prior conviction need not be proved to a jury

9    beyond a reasonable doubt.  *Almendarez-Torres v. United States*, 523 U.S. 224, 244, 247 (1998).

10   The exception for prior convictions was recognized in *Blakely* and *Cunningham*.  *Blakely*, 542

11   U.S. at 301; *Cunningham*, 549 U.S. at 288.  In California, the existence of a single aggravating

12   circumstance, including a prior conviction, is sufficient to impose an upper term sentence.  *Black*

13   *II*, 41 Cal. 4th at 813.  Because the trial judge relied on Petitioner's prior convictions as an

14   aggravating factor, Petitioner's Sixth Amendment rights were not implicated to the extent the

15   sentence was based on his criminal record.  (*See* R&R at 5-9.)

16   Petitioner objects on the ground that the prior criminal record exception established in

17   *Almendarez-Torres* is "flawed and questionable."  (Objections at 4-6.)  Although some Supreme

18   Court justices have indicated in dissenting opinions their disagreement with the applicability of

19   *Almerndarez-Torres* after *Blakely*, it has not been overruled and this court is bound to follow it.

20   *See Butler*, 528 F.3d at 643-44.  Accordingly, Petitioner's objections in this regard are overruled.

21   The trial judge did not rely solely on Petitioner's prior convictions to set the upper terms

22   but also on the viciousness of the attacks, great threat of bodily harm and danger to society.  (*See*

23   Lodgment No. 5 at 24-25.)  Because these facts were not found by the jury beyond reasonable

24   doubt, reliance on them was a *Blakely* error.  The Magistrate Judge found the error was harmless

25   because the upper terms could be imposed based on Petitioner's prior convictions alone, *see*

26   *Butler*, 528 F.3d at 642-43, and because, based on the record presented, a conscientious judge

27   was not left in "grave doubt" about the likely effect of the error, *see Padilla v. Terhune*, 309 F.3d

28   614, 621-22 99th Cir. 2002).  (R&R at 8-10.)

07cv17

1    Petitioner objects to the harmless error finding because it is ultimately based on the

2  continued validity of the *Almerndarez-Torres* exception.  (Objections at 6.)  This objection is

3  rejected for the reasons stated above.

4    Last, the Magistrate Judge concluded that the Sixth Amendment was not implicated in the

5  imposition of consecutive terms.  (R&R at 11-12.)  Petitioner objects arguing that "even with

6  petitioner's prior convictions being considered by the trial judge, he would have not received

7  consecutive sentences had the trial judge not improperly considered the three additional

8  aggravating factors."  (Objections at 7.)

9    Even if Petitioner's factual assertion is accurate, he does not cite any authority for the

10 proposition that the Sixth Amendment is implicated by the imposition of consecutive terms.  The

11 court is aware of none.  The Supreme Court has granted certiorari on the issue "[w]hether the

12 Sixth Amendment, as construed in [*Apprendi* and *Blakely*] requires that facts (other than prior

13 convictions) necessary to imposing consecutive sentences be found by the jury or admitted by

14 the defendant."  *Oregon v. Ice*, 128 S. Ct. 1657.  A decision has not yet issued.  A finding that

15 the State court adjudication of Petitioner's claim "resulted in a decision that was contrary to, or

16 involved an unreasonable application of, clearly established Federal law, as determined by the

17 Supreme Court of the United States," *see* 28 U.S.C. § 2254(d)(1), is required to grant habeas

18 relief in this case.  There was no "clearly established Federal law, as determined by the Supreme

19 Court of the United States" on the consecutive terms issue when it was decided by the State

20 court.  Accordingly, habeas relief can not be granted on this claim.

21    For the foregoing reasons, the Report and Recommendation is **ADOPTED**, Petitioner's

22 objections are **OVERRULED**, and the Petition is **DENIED**.

23    **IT IS SO ORDERED**.

24

25 DATED:  January 5, 2009

26                                                                    
   M. James Lorenz
27                                        United States District Court Judge

28

1  COPY TO:

2  HON. WILLIAM McCURINE, Jr.
   UNITED STATES MAGISTRATE JUDGE

3
   ALL PARTIES/COUNSEL

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28