1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   KEVIN LOMACK,                      )        Civil No. 07cv17-L(WMc)
                                        )
12                      Petitioner,     )        **ORDER DENYING CERTIFICATE**
                                        )        **OF APPEALABILITY**
13   v.                                 )
                                        )
14   L.E. SCRIBNER, Warden,             )
                                        )
15                      Respondent.     )
     _____)

16

17          Petitioner Kevin Lomack, a state prisoner proceeding *pro se*, filed a Petition for Writ of

18   Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  Petitioner claims his constitutional

19   rights were violated by a jury instruction regarding eyewitness identification, ineffective

20   assistance of counsel, trial court's failure to *sua sponte* counter the defense counsel's defective

21   performance, and sentencing based on fact findings made by the judge rather than the jury.  The

22   case was referred to United States Magistrate Judge William McCurine, Jr. for a report and

23   recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).  The court

24   adopted the Magistrate Judge's Report and Recommendation to deny the Petition, and Petitioner

25   filed a notice of appeal.  Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability ("COA")

26   is **DENIED**.

27          Title 28 U.S.C. § 2253 governs the appealability of habeas corpus petitions.  It provides

28   in pertinent part:

(c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . .

Petitioner filed a Notice of Appeal together with an Application for a Certificate of Appealability ("Application").  "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."  Fed. R. App. Proc. 22(b)(1).

"A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). "The COA determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Petitioner does not have to show "that he should prevail on the merits.  He has already failed in that endeavor."  *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 1983), citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part."  *Miller-El*, 537 U.S. at 337-38, quoting *Barefoot*, 463 U.S. at 893).

Petitioner seeks a certificate of appealability only with respect to two issues:  (1) whether the trial judge's reliance on facts not found by a jury, including his prior convictions, to impose an upper term sentence was harmless error; and (2) whether the Sixth Amendment requires that facts necessary to impose consecutive sentences be found by a jury.  (Application at 1-2.)

With respect to the upper term sentence, Petitioner maintains that *Almendarez-Torres v. United States*, 523 U.S. 224, 244, 247 (1998), upon which this court relied, is "flawed and

1  questionable case law." (Application at 5-6.) Under the Sixth Amendment, "[o]ther than the

2  fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

3  statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

4  *Blakely v. Washington*, 542 U.S. 296, 301 (2004), quoting *Apprendi v. New Jersey*, 530 U.S.

5  466, 490 (2000). *Almendarez-Torres* established that the fact of a prior conviction need not be

6  proved to a jury beyond a reasonable doubt. 523 U.S. at 247. This exception was recognized in

7  *Blakely* and *Cunningham v. California*. *Blakely*, 542 U.S. at 301; *Cunningham*, 549 U.S. 270,

8  288 (2007). Although some Supreme Court justices indicated in dissenting opinions their

9  disagreement with the applicability of *Almendarez-Torres* after *Blakely*, it has not been

10  overruled and this court is bound to follow it. *See Butler v. Curry*, 528 F.3d 624, 643-44 (9th

11  Cir. 2008).

12      Petitioner also maintains that the court did not follow the prerequisites for applying the

13  *Almendarez-Torres* exception as stated in *Butler*. *Butler* held that any facts not apparent on the

14  face of the conviction documents fall outside the scope. *Id*. at 644. It articulated three

15  prerequisites to ensure that the exception encompasses only the facts directly reflected in the

16  conviction documents. *Id*. at 645. Petitioner does not maintain that the sentencing court relied

17  on any "secondary" facts derived or inferred from the prior conviction documents. To the

18  contrary, he acknowledges that the "trial court merely pointed out that Petitioner has prior

19  convictions." (Application at 6.) The sentencing court's reliance on the fact of Petitioner's prior

20  convictions was within the scope of *Almendarez-Torres*.

21      Last, Petitioner seeks a certificate on the issue of consecutive sentences, maintaining that

22  the same Sixth Amendment right to a jury trial which applies to the penalty for a singular crime

23  also applies to the determination whether multiple sentences should run consecutively or

24  concurrently. (Application at 7.) This court found that there was no clearly established Supreme

25  Court law to support the proposition that Petitioner's Sixth Amendment rights were violated by

26  the imposition of consecutive sentences. Since the entry of judgment in this case, the Supreme

27  Court has squarely addressed the issue. The imposition of consecutive sentences does not

28  implicate the Sixth Amendment right to a jury trial. *Oregon v. Ice*, 129 S. Ct. 711 (2009).

1    Based on the foregoing, Petitioner has not made a substantial showing of the denial of a

2    constitutional right as required by 28 U.S.C. § 2253(c)(2).  The court therefore declines to issue

3    a certificate of appealability.

4        **IT IS SO ORDERED**.

5

6    DATED:  February 20, 2009

7                                            _____

8                                            M. James Lorenz
                                            United States District Court Judge

9    COPY TO:

10   HON. WILLIAM McCURINE, Jr.
     UNITED STATES MAGISTRATE JUDGE

11   ALL PARTIES/COUNSEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4                                                                        07cv17